FANNIE C. LATHROP v. THE MAYOR AND BOARD OF ALDERMEN OF MORRISTOWN.

Submitted June 30, 1900—Decided November 12, 1900.

A municipal power to prevent and remove obstructions, encroachments and encumbrances in and upon all streets of the municipality, implies an authority to appoint agents to ascertain the lines and courses of the streets, in order that legal measures may be taken for the removal of any encroachments found to exist.

On *certiorari.*

Before Justices DIXON, GARRISON and COLLINS.

For the prosecutor, *Randolph, Condict & Black*.

For the defendant, *C. Augustus Muir*.

The opinion of the court was delivered by

DIXON, J.   This *certiorari* brings before the court an ordinance passed January 5th, 1900, by the mayor and board of aldermen of Morristown, appointing four residents of the town as commissioners to "run, mark, lay out and designate the courses and lines of Franklin street" in the town.

The prosecutor assails the ordinance on the ground that the municipality lacks power to pass it, assuming that the power must be found in section 7 of a supplement to the town charter approved March 15th, 1866 (*Pamph. L., p.* 427), which, it is insisted, does not apply to Franklin street.

But adequate authority, we think, is given by the fourth section of that supplement, which empowers the council to make ordinances "to prevent and remove encroachments, obstructions and encumbrances in and upon all streets." In this express power is necessarily implied authority to ascertain, so far as can be done without a judicial trial, the courses and lines of the municipal streets. Until such ascertainment the town cannot learn what encroachments exist and put in train the legal proceedings necessary for their removal. There is nothing in this ordinance to indicate that, when the lines of the street shall have been defined, any other than legal measures are contemplated for the actual establishment of the lines upon the ground. Certainly the determination of these commissioners will not affect any private titles to land, and cannot injure the prosecutor.

The writ should be dismissed, with costs.